EDWARD GOSSELIN *vs.* PARKER BRASS FOUNDRY.

DECEMBER 30, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This original petition for workmen's compensation was brought under general laws 1938, chapter 300, article VIII, as amended by public laws 1949, chaps. 2253 and 2282, and by P. L. 1950, chap. 2626. It alleges that the petitioner became disabled from an occupational disease, namely, silicosis, which was due to the nature of the employment in which he was engaged and was contracted therein. While the petition was pending on appeal from a decision of the director of labor the petitioner died November 18, 1952, and his widow on her motion was substituted as the petitioner to continue the proceeding. After a hearing *de novo* in the superior court a decree was entered granting the petition and ordering respondent to make payments for total disability under the act from January 20, 1951 to November 18, 1952 at the rate of $28 per week, which was based on an average weekly wage of $68. The case is here on the respondent employer's appeal from that decree.

It appears of record that Edward Gosselin was a molder and had worked for varying periods in several foundries in

this state and Massachusetts for some forty years; that during his last employment by respondent he was hospitalized for a rectal abscess, which was treated and cured; and that while in the hospital it was found he had a very far advanced case of silicosis and tuberculosis which could not be arrested and from which he later died.

Other evidence was introduced which supports the finding by the trial justice that the silicosis had been contracted by petitioner prior to 1941 while he was in the employ of another foundry. There is also some testimony in respect to the presence of dust in the different foundries where he had worked and which would be inhaled in the course of such employment.

No challenge of the constitutionality of the act or amendment has been made in the record. Moreover the issue as to the proportionate contribution by previous employers under the act has not arisen. Consequently no question based on either of those issues is before us. It is admitted by respondent that for the purposes of this case petitioner was totally incapacitated by reason of silicosis from the date his condition was discovered in the hospital until the date of his death November 18, 1952.

The respondent first claims that the decree is against the law and the evidence in that petitioner failed to sustain his burden of proving that the occupational disease was not only due to the nature of the employment in which he was engaged but also that it was *contracted* while he was in this respondent's employ.

It is clear that the instant case was brought under the last amendment to article VIII of the act relating to occupational diseases, P. L. 1950, chap. 2626. Therefore the case of *Beretta* v. *Durastone Co.,* 80 R. I. 12, which is relied upon by respondent in his argument, does not govern here because that case was decided under the provisions of the statute as they existed prior to the amendment of 1950.

In our opinion respondent's interpretation of the present

statute is too narrow. Nothing therein requires a construction that an employee must prove that the occupational disease causing his disability was actually *contracted* while working for his last employer. Such a construction would tend to defeat the express purpose of the act. An occupational disease by nature is usually a gradual growth over a long period of exposure to adverse conditions. Ordinarily it is not disabling at the time of its origin or contraction, and a petitioner becomes aware of it so as to take advantage of the statute only when the disease becomes incapacitating.

As stated in *Esmond Mills, Inc.* v. *American Woolen Co.*, 76 R. I. 214, 219, the employee is allowed to sue the last employer for whom he was working when he became incapacitated from the disease, reserving to such employer the right to seek proportionate contribution from previous employers in whose employ the petitioner may have contracted or been exposed to the disease which finally caused his disability. Therefore it is sufficient in a case like this to establish a causal connection between the employee's incapacitation from the disease and his employment in work of the same nature as that in which the disease was contracted. In that respect the trial justice did not misconceive the law or the evidence.

The respondent further contends that the widow is not a proper party to have been substituted under the provisions of G. L. 1938, chap. 300, art. III, §16, which reads: "No proceedings under this chapter shall abate because of the death of the petitioner but may be prosecuted by his legal representative or by any person entitled to compensation by reason of said death, under the provisions of this chapter."

We do not agree with this contention. The language is plainly procedural and in the alternative. If such language is given its ordinary meaning, we think it was intended to permit either the legal representative of the deceased or any person who may satisfy the alternative description

therein expressed to be substituted as petitioner. This provision was intended to permit the pending case to proceed and not to invest the substituted party with new and individual rights. Therefore the recovery of compensation to which the deceased would have been entitled, if he lived, was intended to be received by the substituted petitioner for the benefit of the estate of the employee or of those who would be legally entitled thereto.

Moreover we think this provision was also intended to protect the last employer who was obligated to pay compensation under such a decree by providing a legally competent party to receive the compensation payments due the deceased and to execute adequate releases therefor.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*James M. Shannahan,* for petitioner.

*James B. Linehan,* for respondent.

ALBERT WOLF *vs.* PRICE-FLETCHER TREE SERVICE.

DECEMBER 30, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an employee's petition to set aside a compensation agreement for suspension and settlement receipt, hereinafter called the agreement, signed by him and approved by the director of labor under the workmen's compensation act, general laws 1938, chapter 300, as amended. The first petition sought to nullify such agreement on the ground that it was obtained by "fraud or coercion." However, this ground was later amended to read "fraud, coercion or mutual mistake of fact." After a hearing thereon before a single commissioner a decree was entered denying the petition, and on appeal therefrom the decree was affirmed by the full commission. The case is here on the petitioner's appeal from such decree.

In our opinion the decree is correct. The workmen's compensation act is entirely statutory and petitioner's rights

thereunder are governed by its provisions. In this connection public laws 1954, chap. 3297, article III, section 1, which is relied on by petitioner, among other provisions permits an appeal from a compensation agreement approved by the director of labor *only* where the petitioner alleges that such agreement has been procured by fraud or coercion. There is no provision that such an agreement may be set aside and nullified on the ground of mutual mistake of fact.

The only question here is whether there was evidence to support the findings in the decree as to fraud or coercion. These findings by a single commissioner, which on appeal were approved by the full commission, are to the effect that there was no coercion or fraud, actual or constructive, in connection with the execution of the instant agreement. On our view there is evidence to support these findings by the commission and consequently they become conclusive under the act.

It is true as argued that under a proviso appearing in the same section of the act the legislature permits a determination and an appeal of a petition alleging accident, mistake, or unforeseen cause in regard to certain matters. But the context shows expressly that such grounds, including mistake, are there addressed to a petition to explain a failure to correctly diagnose the injuries received by an employee or to correct a misdescription thereof. At any rate that proviso limits those grounds to a petition to correct an agreement and does not authorize a petition to set aside and nullify completely a compensation agreement for suspension and settlement receipt which has been properly entered into and executed by the parties and has been approved by the director of labor in accordance with the act.

In the instant case we are of the opinion that unless we can say the ground of mutual mistake was intended to be the equivalent of fraud or coercion, petitioner's claim must fail. However, if the legislature so intended they could easily have added such ground to those of fraud or coercion.

The failure to so include that ground is significant as to the legislative intent.

The case of *Capobianco* v. *United Wire & Supply Corp.*, 77 R. I. 474, which is strongly relied on by petitioner, is not authority for his contention. The references there to "fraud, coercion, or mutual mistake of fact" were used to describe the nature of the petitioner's three grievances as alleged in the petition. Such language plainly was not used with an intent to validate all of such grounds as equally proper to set aside an agreement under the act for suspension of compensation, since that precise issue was not before this court for decision in that case and was not decided. In our judgment no error of law has been established and the decree should be affirmed.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission.

*George C. Berk,* for petitioner.

*Boss & Conlan, Francis W. Conlan,* for respondent.